UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN D. PANKEY,<br><br>                Plaintiff,<br><br>v.<br><br>RIDLEY'S FOOD CORPORATION,<br>dba RIDLEY'S FOOD & DRUG,<br>JERRY RIDLEY, individually,<br>ACTION COLLECTION SERVICE,<br>INC., JOHN F. MUIR, GRANT E.<br>MUIR, JR., individually,<br><br>                Defendants. | Case No. 1:11-CV-00641-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Before the Court is the Motion to Dismiss filed by Defendants Action Collection Service, John F. Muir, and Grant E. Muir, Jr., in which Defendants Ridley's Food Corporation, dba Ridley's Food & Drug, and Jerry Ridley have joined. (Dkt. 29, 36.)[1] The parties have briefed the motions and they are now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record. Accordingly, in the interest of avoiding

---

[1] The Action Collection Defendants initially filed a motion to dismiss on January 25, 2012, (Dkt. 13), requesting dismissal of Plaintiff's complaint filed on December 19, 2011. However, since then, Plaintiff timely filed an amended complaint on February 7, 2012, (Dkt. 23), to which the second motion to dismiss pertains. The first motion to dismiss, (Dkt. 13), was dismissed as moot on February 27, 2012. (Dkt. 35.)

**REPORT AND RECOMMENDATION - 1**

delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

## BACKGROUND

Plaintiff Steven Pankey ("Pankey") timely filed an amended complaint on February 7, 2012. (Dkt. 23.) The Amended Complaint arises out of claims that Defendants are unlawfully pursuing collection of a state court judgment against Pankey. According to the amended complaint and Pankey's representations in his brief, (Dkt. 37), Pankey wrote a $53.18 check to Ridley's Food and Drug in 2002. (Dkt. 37 at 2.) Apparently, it bounced, and the matter was assigned by Ridley's to Action Collection, which filed a small claims suit in state court in the Fifth Judicial District, Lincoln County, and obtained a civil judgment that included attorney fees.[2] Pankey alleges that he had "settled in full in 2002" through "accord and satisfaction." (Am. Compl., Dkt. 23 at 3.) On or about January 7, 2011, Action renewed the civil small claims judgment, CV 04-132, under Idaho Code §§ 10-1110 and 10-1111.

The Court takes judicial notice under Fed. R. Evid. 201 of the docket in *Action Collection v. Steven D. Pankey*, Case No. CV-2004-132, filed on June 28, 2004, in the small claims division of the Fifth Judicial District, in Lincoln County.[3] The docket reflects that, after a jury trial following an appeal, judgment was entered in favor of Action Collection on January 4, 2006. The court issued several orders awarding attorney

---

[2] Pankey references the case number in his Amended Complaint as CV04-132.
[3] The docket may be found at the Idaho State Judiciary's Court Data Repository Website, last accessed on June 27, 2012, at the following URL: https://www.idcourts.us/repository/caseNumberResults.do. A copy of the docket accessed on that date is attached hereto as Appendix A.

**REPORT AND RECOMMENDATION  - 2**

fees. The court on January 10, 2011, issued an order renewing the judgment, granting Action Collection's motion to renew the judgment filed on January 7, 2011.

Pankey makes several claims. First, he seeks relief from the judgment and its renewal under Idaho R. Civ. P. 60. Pankey claims he is entitled to such relief because the Action Collection Defendants, and by extension the Ridley's Defendants, are debt collectors, and the continued collection of the debt when it had been "settled" through "accord and satisfaction" violates the Fair Debt Collection Practices Act, sections 807 and 818. In his responsive memorandum, Pankey asserts also that the renewal of the judgment on January 7, 2011, was "past the statute of limitations," and therefore "barred." Finally, Pankey alleges that Idaho's renewal of judgment statutes, Idaho Code §§10-1110 and 10-1111, are unconstitutional because they are "vague, open to interpretation, and abuse against the interests of Steven D. Pankey." He seeks a declaration by this Court that the statutes be declared unconstitutional and unenforceable.[4]

Defendants argue that the claims should be dismissed pursuant to Fed. R. Civ. P. 8 and 12(b)(6), because the Amended Complaint fails to provide any factual details, or reference the specific provision of law upon which the claims are based. Defendants argue also that Pankey's claims are barred by the statute of limitations, and that he is

---

[4] Although Pankey makes various additional claims in his responsive pleading and corresponding affidavit, none of those claims are raised in his Amended Complaint. For instance, he claims that no pre-filing notice was sent to him in Case No. CV04-132; that Grant E. Muir responded to him with "incivility" and threatened him after Pankey called Defendant Muir to request relief from the renewal of judgment. These same claims were raised in a related case, *Pankey v. Action Collection Serv., Inc. et. al.*, Case No. 1:12-cv-00088-EJL-CWD, as they pertained to a second small claims judgment obtained by Action Collection. The Court issued a Report and Recommendation on June 28, 2012, recommending that those claims be dismissed. Pankey discusses also two murder cases, neither of which are at issue in his Amended Complaint, nor appear to involve these Defendants.

**REPORT AND RECOMMENDATION - 3**

improperly seeking review of a state court action in Federal Court. Alternatively, Defendants argue the Noerr-Pennington Doctrine bars Pankey's claims.

## ANALYSIS

**1.     Applicable Standards**

When the court evaluates a pro se complaint, "the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt." *Shaw v. Lehman Bros. Bank, FSB*, CV09-40-S-BLW, 2009 WL 1521566 *1 (D. Idaho May 28, 2009) (citing *Wanxia LIAO v. Ashcroft*, No. C 08–2276 PJH, 2009 WL 636116, *2 (N.D.Cal.2009)). Notwithstanding this more lenient review, "a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (citing *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev.2002)). The court is not allowed to "supply essential elements of the claim that were not initially pled." *Id.* (citing *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this is a fairly liberal standard, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." To withstand a motion to dismiss, a complaint must "contain sufficient factual matter ... to state a claim to relief that is plausible on its face." Although the court is to accept the allegations contained in a complaint as true, the court is not required to accept as true legal conclusions.

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* with approval). A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations... but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to less stringent standards than those drafted by lawyers. *Stewart v. Mortgage Electronic Registration Sys. Inc., et al*, 2010 WL 1054383 (D. Or. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Specifically, a pro se plaintiff is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the deficiencies cannot be cured by amendment. *Id.* (citing *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)). However, "a pro se plaintiff's claims may be dismissed where it appears beyond doubt that the plaintiff can prove no set of facts in support that

**REPORT AND RECOMMENDATION  - 5**

would entitle him to relief." *Id.* (citing *Barrett v. Belleque*, 554 F.3d 1060, 1061 (9th Cir. 2008)).

## 2. This Court Lacks Jurisdiction to Review State Court Actions

Pankey appears to assert several claims seeking to invalidate the underlying state court proceeding. First, he argues that Action's renewal of judgment is barred by either the statute of limitations because it was filed late, and alternatively that he paid the debt upon which the collection action was based. In essence, Pankey is seeking direct review of the state court proceedings and its application of the rules and procedures relating to renewal of the state court judgment.

The Court lacks jurisdiction over Pankey's claims seeking review of the state court's action. Federal district courts are courts of original jurisdiction; they may not serve as appellate tribunals to review the errors allegedly committed by state courts. *Atlantic Coast Line R. Co. v. Bd. of Locomotive Engineers*, 398 U.S. 281, 296 (1970). In what has become known as the Rooker–Feldman doctrine, the United States Supreme Court proclaimed that federal district courts lack jurisdiction to review decisions of state courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Allah v. Superior Court of State of Cal.*, 871 F.2d 887, 891 (9th Cir.1989). Federal district courts do not have jurisdiction even if the challenges to a state court decision allege that the state court's action was unconstitutional. *Feldman*, 460 U.S. at

**REPORT AND RECOMMENDATION - 6**

486. Further, the claims raised in district court need not have been argued in the state judicial proceedings for them to barred by the Rooker– Feldman doctrine. *Id*. at 483–484 n. 16.

A Federal district court engages in impermissible appellate review when it hears claims that are "inextricably intertwined" with the state court decision. *Id*. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

The Rooker-Feldman doctrine establishes that the federal district court cannot review state court proceedings where the claims are tantamount to an appeal of the state court decisions.  Further, a state court's application of its rules and procedures is unreviewable by a federal district court. *Samuel v. Michaud*, 980 F.Supp.1381 (D. Idaho 1996). The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on "the investigation of a new case arising upon new facts." *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir.1987).

The Court finds Pankey's attempted challenges to renewal of the judgment, and review of the judgment itself, are impermissible collateral attacks on the state court's decision and its application of the rules regarding renewal of judgments. This Court lacks subject matter jurisdiction to review any substantive or procedural errors committed by the small claims court or the state district court. Such a review would necessarily entail a prohibited inquiry into the state court judgment and the reasons for issuance of the order renewing the judgment. Further, this Court is not able to grant the relief Pankey requests,

**REPORT AND RECOMMENDATION  - 7**

which is to declare the judgment and its renewal unenforceable, or alternatively to grant him relief under Idaho Rule of Civil Procedure 60 from the collection of the debt by removing the $18,000 in attorney fees and costs that were imposed upon him. Accordingly, Pankey's claims are inextricably intertwined with the state court decisions and review in this Court is precluded by the Rooker—Feldman doctrine.

**3.      Plaintiff Fails To State A Claim Under the Fair Debt Collection Practices Act**

Congress enacted the Fair Debt Collection Practices Act (FDCPA) "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. In furtherance of this goal, the FDCPA requires and prohibits certain activities by "debt collectors" that are done "in connection with the collection of any debt." 15 U.S.C. § § 1692c (prohibits certain communications), 1692d (prohibits harassment or abuse), 1692e (prohibits false or misleading representations), 1692f (prohibits unfair practices) & 1692g (requiring validation of debts).[5] Also, under the FDCPA, if a consumer notifies a debt collector in writing that a debt is disputed, the collector must cease collection of that debt until the debt collector verifies the debt and mails a copy of the verification to the consumer. *Id*. § 1692g(b).

Section 1692d of the FDCPA states that a debt collector may not engage in conduct which has the natural consequence of harassing, oppressing or abusing any

---

[5] Pankey has alleged that Defendants are debt collectors, and therefore the Court assumes for the purposes of its Report and Recommendation that the allegations are true.

**REPORT AND RECOMMENDATION  - 8**

person in connection with the collection of debt. 15 U.S.C. § 1692d. The statute goes on to list specific types of prohibited conduct, including threats of violence or other criminal means to harm the person, use of obscene language, publication of a list of consumers who allegedly refuse to pay debts, advertisement for sale of any debt to coerce payment of the debt, continuous use of the telephone to annoy the person, or placement of telephone calls without meaningful disclosure of the caller's identity. *Id*. The statute also states that these specific violations are not meant to limit the general application of the statute. *Id*.

Pankey appears to allege generally that the continued efforts to collect the debt, and the later request to renew the judgment, violates the FDCPA. He does not specifically implicate any of the above cited provisions of the FDCPA in his Amended Complaint.[6] The Amended Complaint is confusing, and in sections, unintelligible. In addition, it lacks any specificity. Pankey does not clearly allege exactly how the mere act of continuing to enforce a state court judgment violates the FDCPA, which of the five defendants are responsible for the alleged conduct, or what provision of the FDCPA entitles Pankey to relief from the continued enforcement of the judgment. Such conclusory allegations do not give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

Pankey contends also that the small claims action was instituted wrongly because he had paid the debt owed to Defendant Ridley's. The FDCPA does prohibit false

---

[6] Although Pankey alleges that Defendant Grant Muir acted uncivilly toward him, those allegations are not contained in his Amended Complaint. Therefore, the allegations are not considered here. The Court did consider the same allegations in its consideration of *Pankey v. Action Collection et. al*., Case No. 1:12-cv-00088-EJL-CWD, and recommended that the claims be dismissed.

**REPORT AND RECOMMENDATION - 9**

representations of the amounts owed and the use of deceptive means to collect the debt. *See* 15 U.S.C. § 1692e(2), (10). However, the time to raise that claim in the context of this matter was prior to the entry of judgment in the underlying state court action. In this case, a judgment was entered in 2006 after a jury had rendered a verdict finding Pankey liable for the debt. Pankey cannot now raise, over six years later, a claim that the amount of the underlying debt was falsely represented, considering he participated in defending himself in the state court proceedings and a judgment was entered against him. Moreover, the applicable statute of limitations, which begins to run one year from when the plaintiff knows or has reason to know of the injury forming the basis of the action, would bar Pankey's claim. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (explaining the statute of limitations in an FDCPA action.)

Pankey has failed, therefore, to state a claim under the FDCPA under the conceivable provisions applicable to the facts in the Amended Complaint. The mere renewal of the state court judgment does not appear to implicate any provision of the FDCPA. Nor can Pankey, at this late juncture, allege that the debt was wrongly pursued because he paid it. Without more factual detail, the Court cannot discern any other allegations that implicate provisions of the FDCPA, and recommends Pankey's claims under the FDCPA be dismissed.

4.  **Constitutional Claims**

Liberally construed, Pankey's constitutional claim can be classified as a general constitutional challenge to Idaho Code §§ 10-1110 and 10-1111. He seeks a declaratory

judgment to that effect.[7] The Rooker–Feldman doctrine does not bar Plaintiff from bringing a general challenge to the statute in federal court even though he earlier presented a specific challenge as to his own circumstances in state court with respect to the renewal of the state court judgment. *See Lightner v. Huntsman*, No. 08–CV–00259–BLW–REB, 2009 WL 3089220 *7 (D. Idaho Sept. 23, 2009) (citing *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607–08 (9th Cir. 2005)). Defendants assert both that Pankey's vagueness challenge fails for lack of particularity, and also that this Court should abstain from deciding the constitutional issue because the Idaho Supreme Court should be given the opportunity to do so in the context of the state court litigation.

Idaho Code §§ 10-1110 and 10-1111 are statutes of procedure. Section 10-1110 states that any judgment or decree of any Idaho Court or federal court, if rendered within Idaho and certified by the clerk, may be recorded with the county recorder and any judgment so recorded becomes a lien upon all real property of the debtor in the county owned or acquired thereafter. The lien resulting from recording of a judgment continues for five years from the date of the judgment, unless satisfied or renewed. Section 10-1111 sets forth the process for renewal of a judgment. The statute states that, at any time prior to the expiration of the five year period mentioned in Section 10-1110, the court which entered the judgment may, upon motion, renew the judgment. The renewed judgment may be recorded and the lien established thereby will continue for another five years.

---

[7] It is not clear whether Pankey asserts his claims under the United States Constitution or the Idaho Constitution. The United States Constitution is referenced in the Amended Complaint, but Pankey has asked that the constitutional question be certified to the Idaho State Attorney General pursuant to 28 U.S.C. § 2403(b). The Court has therefore analyzed Pankey's complaint under the United States Constitution and Federal law.

**REPORT AND RECOMMENDATION - 11**

"To pass constitutional muster against a vagueness attack, a statute must give a person of ordinary intelligence adequate notice of the conduct it proscribes." *Craft v. Nat'l Park Serv.*, 34 F.3d 918, 921 (9th Cir. 1994) (quoting *United States v. 594,464 Pounds of Salmon*, 871 F.2d 824, 829 (9th Cir. 1989)). If a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, the hurdle is high. The challenger must establish that "no set of circumstances exists under which the [statute] would be valid." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 971 (9th Cir. 2003). A statute is not unconstitutionally vague if it gives fair warning of proscribed conduct. *Go Leasing, Inc. v. Nat'l Transp. Safety Bd.*, 800 F.2d 1514, 1525 (9th Cir. 1986).

In the instant case, the two Idaho statutes outlining the effect of a recorded judgment and the procedure for renewal do not reach any activity protected by the Constitution. Neither statute affects individual conduct at all. Nor did Pankey set forth any facts in his amended complaint to describe how the recording statutes at issue fit within a vagueness challenge, either on their face or as applied to him. Moreover, the judgment only acts as a lien upon real property, and Pankey does not allege that he owns any real property that might have been affected by the judgment lien.

At a minimum, a plaintiff claiming a constitutional violation through application of a vague regulation must allege that a regulation affects constitutionally protected conduct. Because no constitutionally-protected activity is being restricted, there can be no claim in this case that the procedure implemented to record a judgment lien and later renew it is constitutionally insufficient.

**REPORT AND RECOMMENDATION - 12**

## 5. Leave to Amend

The Ninth Circuit has held that, where a court finds dismissal is warranted, the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (other citations omitted). The issue is not whether Plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

The Court here finds that it is not possible for Plaintiff to cure his Complaint with allegation of other facts. The FDCPA claims as pled do not allege facts that fall within its prohibitions, and the constitutional attack on the judgment lien recording statutes does not implicate constitutionally-protected activity. Accordingly, Plaintiff should not be given leave to amend.

## 6. Motion for Sanctions

Defendants seek sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff's complaint is frivolous and interposed for the purpose of harassment. The Court agrees that Pankey's claims in this action are utterly without legal merit and unsupported by any credible interpretation of the Constitution or the FDCPA. Pankey's pro se status does not shield him from Rule 11 sanctions for pursuing claims that are neither warranted by existing law nor based upon a good faith argument for modification or reversal of existing law. Further, the court has discretionary authority to grant attorneys' costs and fees where the action is frivolous or

REPORT AND RECOMMENDATION  - 13

brought in bad faith, and can impose sanctions under its inherent authority as well. Fed. R. Civ. P. 11 and 54; 28 U.S.C. §1927. A penalty is justified also to deter future filings of meritless claims. *See Trohimovich v. C.I.R.*, 776 F.2d 873, 875 (9th Cir. 1985).

However, given Pankey's claims of indigence, and the presumed inability of Defendants to collect upon a similar award in the underlying state court action, the Court views an award of attorney fees akin to drawing blood from a turnip. Accordingly, in its discretionary authority, Defendants' request for monetary sanctions will not be granted. However, if Pankey engages in a pattern of abuse of the judicial process and burdens this court with frivolous claims,[8] the Court will consider other non-monetary sanctions to deter such conduct. *Duarte v. City of Nampa*, No. CV 06-480-S-MHW, 2007 WL 1792325 *7 (D. Idaho June 20, 2007) (sanctions may include "directives of a nonmonetary nature, or order to pay a penalty to the court.").

## CONCLUSION

For the above reasons, the Court recommends that Defendants' Motion to Dismiss be granted and that Plaintiff not be given leave to amend. The Court finds Plaintiff has failed to state a claim under either Rule 8 or Rule 12, and that the Rooker-Feldman doctrine and the statute of limitations would bar his claims as well. As for his

---

[8] A review of the docket in the state court action underlying this matter reveals a pattern of abuse of the judicial process, considering a $53.18 bounced check resulted in numerous hearings, frivolous objections, and the imposition of sanctions over the course of eight years. *See* Appendix A attached hereto. Further, Pankey filed a similar action against Action Collection in Case No. 1:12-cv-00088-EJL-CWD.

**REPORT AND RECOMMENDATION - 14**

constitutional claim, Plaintiff has not alleged that the statutes at issue proscribe constitutionally protected conduct.[9]

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Motion to Dismiss (Dkt. 29) be **GRANTED.**

2) Joinder in Motion to Dismiss (Dkt. 36) be **GRANTED**; and

3) Plaintiff's Amended Complaint be dismissed with prejudice.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **July 10, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

---

[9] Defendants asserted the Noerr-Pennington doctrine as an alternative basis for dismissal. The Court is not convinced the doctrine, which provides immunity to parties who petition the government for redress, provides grounds for dismissal. Considering the Court recommends granting the motion based upon Defendants' alternative arguments, no further discussion is necessary.

**REPORT AND RECOMMENDATION - 15**